**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LILLIAN CARMONA,**

          **Plaintiff,**

**v.**                               **Case No: 6:23-cv-1741-PGB-DCI**

**BJ'S WHOLESALE CLUB, INC.,**

          **Defendant.**
_____/

## ORDER

This matter comes before the Court upon Defendant BJ's Wholesale Club, Inc.'s ("**Defendant**") Motion for Summary Judgment (Doc. 16 (the "**Motion**")) and Plaintiff Lillian Carmona's ("**Plaintiff**") response in opposition (Doc. 17 (the "**Response**")). For the following reasons, Defendant's Motion is due to be denied without prejudice.

## I.    BACKGROUND

On October 2, 2021, Plaintiff "slipped on a transitory substance" and fell to the ground at Defendant's Kissimmee, Florida location. (*See* Doc. 1-3, ¶ 6). Plaintiff thus initiated this action, asserting a negligence claim against Defendant in state court. (Doc. 1-3). Defendant then removed this action to this Court on September 8, 2023. (Doc. 1).

On October 10, 2023, the Court issued its Case Management and Scheduling Order (Doc. 10 (the "**CMSO**")) setting forth various deadlines. Therein, the

discovery deadline was set as January 6, 2025, and the dispositive, *Daubert*, and *Markman* motions deadline was set as February 3, 2025. (*Id.*).

Thereafter, on June 14, 2024—about seven months before the discovery deadline—Defendant filed the instant Motion. (Doc. 16). Plaintiff timely filed her Response. (Doc. 17). Defendant did not file a reply, and the time to do so has now passed. The matter is thus ripe for review.

## II.   DISCUSSION

In the Motion, Defendant argues that it is entitled to summary judgment because Plaintiff cannot prove the essential element of duty for her negligence claim. (Doc. 16, pp. 1–2). For Plaintiff to establish the element of duty, Defendant posits that Florida Statute § 768.0755 governs. (*Id.* at p. 7). Section 768.0755 requires a plaintiff to provide evidence of a defendant's "actual or constructive knowledge of the dangerous condition." (*Id.*). Defendant thus argues that because Plaintiff has not provided such evidence, Plaintiff cannot prove the essential element of duty for her negligence claim. (*Id.*). In the Response, Plaintiff contends that Defendant's Motion is premature as additional discovery is required. (Doc. 17, pp. 3–4).

Rule 56 provides that: "Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until [thirty] days after the close of all discovery." FED. R. CIV. P. 56(b). Nonetheless, it is well-settled that entry of summary judgment is disfavored where the non-moving party has not had an adequate opportunity for discovery that is necessary

to defend against the motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986) (explaining that to defeat a motion for summary judgment, a plaintiff must have had "a full opportunity to conduct discovery."); *see also Snook v. Tr. Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 869–72 (11th Cir. 1998) (holding "that summary judgment may only be decided upon an adequate record.").

Here, the Court finds that Plaintiff has not had an adequate opportunity to conduct discovery to defend against Defendant's Motion. In her Response, Plaintiff explains that she has yet to depose Defendant's primary witness, Robert Robinson.[1] (Doc. 17, p. 4). Plaintiff requires Robert Robinson's deposition "so as to ascertain whether he or any other employees were aware of the condition, the length of time that the condition existed, or if the condition occurred with regularity and was therefore foreseeable." (*Id.*). Such information relates to the core of Defendant's Motion—whether Defendant had actual or constructive notice of the alleged dangerous condition. (*See* Doc. 16). As such, considering the importance of the discovery not yet completed, the Motion is due to be denied as premature.[2]

---

[1] The Court notes that on June 15, 2024, Plaintiff contacted Defendant with her request to depose Robert Robinson. (Doc. 17-2, p. 4). Defendant responded that the coordinator was out of office but would "get back" to Plaintiff upon her return. (*Id.* at p. 5). Two weeks later, on June 28, 2024, considering Defendant had not followed up with Plaintiff, Plaintiff again requested to depose Robert Robinson. (*Id.* at p. 7). As of June 28, 2024, the Court has not received any further information regarding such a deposition. (*See* Doc. 17).

[2] Pursuant to Rule 56, "the Court shall grant summary judgment if the movant shows that there is *no* genuine dispute as to *any material fact*." *See* FED. R. CIV. P. 56(c) (emphasis added). Consequently, motions for summary judgment—made prior to the close of discovery—that

## III. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment (Doc. 16) is **DENIED WITHOUT PREJUDICE**. The parties may move for summary judgment on or before the dispositive motions deadline of February 3, 2025, if appropriate.

**DONE AND ORDERED** in Orlando, Florida on November 7, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

involve issues implicating Defendant's actual or constructive knowledge of a dangerous condition are rarely granted. Moreover, the parties are reminded that "[e]ach party may only file **one** motion for summary judgment." (Doc. 10, p. 8). As such, parties should avoid wasting that opportunity with premature filings. Nonetheless, the Court will allow Defendant one additional opportunity to file a motion for summary judgment on or before the dispositive motions deadline.